IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Essie Morgan, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 6:03-1578-HMH |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| Jo Anne B. Barnhart, Commissioner of Social Security, | ) ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on a motion for attorney's fees and costs pursuant to the Equal Access to Justice Act ("EAJA"). See 28 U.S.C. § 2412(d) (West 1994 & Supp. 2005). Essie Morgan ("Morgan") seeks attorney's fees the amount of Fourteen Thousand Nine Hundred Ten Dollars ($14,910.00) and costs in the amount of Five Hundred Eighty-five Dollars and Twelve Cents ($585.12) for services rendered in the above-captioned social security action. The Commissioner objects to the request for attorney's fees and costs.

"A party who prevails in litigation against the United States is entitled to EAJA attorneys' fees upon timely petition for them if the government's position was not substantially justified and no special circumstances make an award unjust." Thompson v. Sullivan, 980 F.2d 280, 281 (4th Cir. 1992) (internal quotation marks omitted). "[T]he test of whether or not a government action is substantially justified is essentially one of reasonableness. In order to defeat an award, the government must show that its case had a reasonable basis both in law and fact." Smith v. Heckler, 739 F.2d 144, 146 (4th Cir. 1984) (internal quotation marks omitted). "Substantially justified" means "justified in substance or

1

in the main–that is, justified to a degree that could satisfy a reasonable person." Pierce v. Underwood, 487 U.S. 552, 565 (1988) (internal quotation marks omitted). "To be substantially justified means, of course, more than merely undeserving of sanctions for frivolousness; that is assuredly not the standard for Government litigation of which a reasonable person would approve." Id. at 566 (internal quotation marks omitted).

Morgan argues she is entitled to attorney's fees pursuant to the EAJA because the Commissioner was not substantially justified in her position. Morgan claims that"factually the [Administrative Law Judge's ("ALJ")] Residual Factual Capacity Evaluation of the Plaintiff's abilities did match the hypothetical question that the ALJ posed to the Vocational Expert, which the ALJ subsequently used as evidence to find there were significant numbers of jobs the Plaintiff could perform." (Pl.'s Reply 1-2.) In response, the Commissioner objects to an award of attorney's fees and costs, arguing that her position was substantially justified.

After a review of the record, the court finds that the Commissioner's position was substantially justified. Because the Commissioner's position was substantially justified, the court denies Morgan's motion for attorney's fees and costs pursuant to the EAJA.

Therefore, it is

**ORDERED** that Morgan's request for attorney's fees and costs is denied.

**IT IS SO ORDERED**.

                                                s/ Henry M. Herlong, Jr.
                                                United States District Judge

Greenville, South Carolina
January 3, 2006